1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

John F. Stapleton, et al.,

                Plaintiff,

     v.

John Balding, et al.,

                Defendant.

Case No. 2:20-cv-00700-GMN-BNW

**Order re [7]**

13       Before the Court is plaintiffs' "ex parte" motion for appointment of temporary receiver.

14 ECF No. 7.  Plaintiffs urge the Court to appoint a receiver because they fear that defendant El

15 Capitan Precious Metals, Inc. ("El Capitan") is on the brink of insolvency or financial collapse.

16 However, the record evinces that plaintiffs' motion is procedurally and substantively defective.

17 The Ninth Circuit has warned that the appointment of a receiver is an extraordinary remedy that

18 should be applied with caution.  Therefore, given the aforementioned defects, the motion is

19 denied without prejudice and the August 24 hearing is vacated.

20 **I.**     **Background**

21       This matter originated in Nevada state court.  ECF No. 1-2 at 6.  Plaintiffs are four

22 individuals who hold shares in El Capitan.  *Id.* at 7.  They bring this suit against four of El

23 Capitan's directors.  *Id.* at 7–8.  Plaintiffs have three claims, all relating to defendants'

24 management of El Capitan: breach of fiduciary duty, constructive fraud, and gross

25 mismanagement.  *Id.* at 16–18.

26       Defendant Daniel G. Martinez removed this action to this Court on April 17, 2020.  ECF

27 No. 1.  Plaintiffs have asked this Court to remand this matter back to Nevada state court, and that

28 motion remains pending before the district judge.  ECF No. 4.  On June 24, 2020, plaintiffs filed

the underlying ex parte motion seeking the appointment of plaintiff John Stapleton as temporary receiver of El Capitan. ECF No. 7. The motion was originally set for an August 21, 2020 hearing. ECF No. 12. However, Martinez filed a motion to continue the hearing and, after considering a response by plaintiffs, the Court reset the hearing for August 24, 2020. ECF Nos. 13, 17, and 18.

Plaintiffs' motion for an appointment of temporary receiver remains unopposed.[1]

**II.      Discussion**

**A.      Applicable law**

Plaintiffs offer several sources of authority in support of their motion: (1) NRS 32.010; (2) 28 U.S.C. § 3103; and (3) Local Rule 66-1 and Rule 66 of the Federal Rules of Civil Procedure. *Id.* at 10–11.

To the extent subject-matter jurisdiction exists in this case at all, it is based either on federal-question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32. However, the Court need not resolve that issue today because "while state law may provide the vehicle for the appointment of a receiver," "[f]ederal law governs the appointment of a receiver in a federal action, regardless of whether the Court is exercising diversity or federal question jurisdiction." *Ferm v. Crown Equity Holdings, Inc.*, No. 2:10-cv-02075-GMN, 2011 WL 3300210, at *3 (D. Nev. Aug. 1, 2011) (citation omitted); *accord Magma Holding, Inc. v. Au-Yeung*, No. 2:20-cv-00406-RFB-BNW, 2020 WL 2025365, at *5 (D. Nev. Apr. 26, 2020).[2]

Because it is evident that federal law applies, the Court rejects plaintiffs' invitation to analyze their motion under NRS 32.010. The Court likewise declines to apply 28 U.S.C. § 3103 because, according to that statute's plain and unambiguous text, § 3103 requires an application under oath by the United States. *See* 28 U.S.C. §§ 3101, 3103. The United States is not a party to

---

[1]      The lack of response is notable because although plaintiffs style their motion as ex parte, they served the motion on defendants Martinez, Balding, and Gay.

[2]      S*ee also Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009) (holding that federal law controls if the Court sits in diversity in an action where the appointment of a receiver is sought).

this matter.  Therefore, the Court finds that LR 66-1 and Rule 66 of the Federal Rules of Civil Procedure govern plaintiffs' motion.

### B.    Local Rule 66-1

Under the Local Rules, "no party in interest . . . may be appointed as a receiver."  LR 66-7.  Further, "[a] receiver must not be appointed except after hearing, preceded by at least 14 days' notice to the party sought to be subject to the receivership and to all known creditors."  LR 66-2.

Here, plaintiffs' motion suffers from several procedural defects.  First, plaintiffs ask the Court to appoint John Stapleton as receiver, but Stapleton is a plaintiff and "party in interest" in this matter.  Therefore, he may not be appointed.  LR 66-7's text permits the Court to make an exception to this rule.  However, plaintiffs do not acknowledge—nor offer a reason why the Court should except Stapleton from—LR 66-7's limitation.

Second is the notice requirement.  The Court set this matter for an August 21, 2020 hearing in recognition of LR 66-2's mandate.  Upon a motion by defendant Martinez, the Court rescheduled the hearing to August 24, 2020.  The record, however, lacks any indication that Balding, Gay, Mottley, or El Capitan's creditors were given a 14-day notice of **either** the August 21 or August 24 hearings.

Plaintiffs served the underlying motion on defendants Martinez, Balding, and Gay, but this does not meet LR 66-2's standard because the Court did not issue its order setting this matter for hearing until more than one month **after** plaintiffs served their motion.[3]  Thus, service of the motion could not have given notice of the hearing.  Further, even if service of the motion could have given notice of the hearing, the record lacks any indication that service was made on El Capitan's creditors—several of which are identified in plaintiffs' motion—or defendant Mottley.[4]  Finally, it was not possible to give defendants or El Capitan's creditors the requisite 14-day notice of the rescheduled August 24 hearing because the Court issued its order rescheduling the hearing

---

[3]    The Court's order was automatically sent only to plaintiffs' counsel and Martinez.

[4]    It is unclear to the Court what Mottley's current relationship is to El Capitan.  He is described as a director in plaintiffs' complaint and as a "former CEO" in plaintiffs' motion.  ECF No. 7 at 4; ECF No. 1-2 at 8.

1    merely **7 days** before August 24.  Plaintiffs did not address the 14-day notice requirement in their

2    response to Martinez's motion.  *See* ECF No. 17.

3           However, plaintiffs styled their motion as ex parte.  Thus, the Court arguably could issue

4    its order without notice to defendants or El Capitan's creditors.  But a receiver can be appointed

5    without this notice only "upon adequate showing provided by Fed. R. Civ. P. 65(b)."  *Id.*  Rule

6    65(b), in turn, states that an order may issue "without written or oral notice to the adverse party or

7    its attorney only if":

8           (A) specific facts in an affidavit or a verified complaint clearly show that immediate and
               irreparable injury, loss, or damage will result to the movant before the adverse party
9               can be heard in opposition; and

10          (B) the movant's attorney certifies in writing any efforts made to give notice and the
               reasons why it should not be required.

11   Fed. R. Civ. P. 65(b)(1).

12          Here, plaintiffs' motion does not analyze any immediate and irreparable injury, loss, or

13   damage that will result if the adverse party—here, defendants and perhaps El Capitan's

14   creditors—can be heard in opposition.  Stapleton's 9-page affidavit is extensive and full of factual

15   matter, but plaintiffs' motion does not analyze how those facts meet Rule 65(b)(1)(A)'s legal

16   standard.  Further, plaintiffs' motion does not include any certification by their attorney, which

17   means that the motion cannot—as a matter of law—meet Rule 65(b)(1)(B)'s standard either.

18   Thus, to the extent plaintiffs would justify their lack of service based on the ex-parte styling of

19   their motion, the motion still suffers from procedural defects.

20          Even setting aside these procedural hurdles, however, plaintiffs' motion must be denied

21   on the merits, too.

22          **C.      Fed. R. Civ. P. 66**

23          Appointing a receiver "is an extraordinary equitable remedy" that should be applied "with

24   caution."  *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009).  There is no

25   precise formula for determining when a receiver should be appointed.  *Canada Life Assur. Co. v.*

26   *LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009).  But federal courts consider a variety of factors,

27   including, for example: (1) whether the party seeking the appointment has a valid claim;

28   (2) whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant;

(3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh the injury to the party opposing appointment; (6) the possibility of irreparable injury to plaintiffs' interest in the property; (7) whether the plaintiff's interest sought to be protected will in fact be well served by the receivership; (8) whether defendant is of doubtful financial standing; and (9) whether plaintiff has a probable chance of success in the action.  *Id.*; *Lee v. Native Games America, LLC*, No. 2:16-cv-02665-JAD-NJK, 2017 WL 4562631, at *3 (D. Nev. Oct. 11, 2017).

Here, plaintiffs' motion does not identify—nor address how the facts of their case relate to—these factors.  For example, plaintiffs do not analyze whether defendants have acted, or will probably act, fraudulently, whether legal remedies are inadequate, or whether denial of the motion will create an irreparable injury.  Further, plaintiffs have not articulated the elements to **any** of their claims.  Thus, the Court is unable to assess plaintiffs' probability of success.  At bottom, the record and plaintiffs' arguments are fatally underdeveloped.  Thus, the Court declines to issue this "extraordinary" remedy, and the motion will be denied without prejudice.

If plaintiffs renew their motion, the Court urges them to closely review the Local Rules and the Federal Rules of Civil Procedure and carefully analyze how the facts of their case relate to the above considerations.  Further, in the event plaintiffs renew their motion, the Court recommends that plaintiffs include a list of proposed receivers who are not parties to this case, or, to the extent they would still seek Stapleton's appointment as receiver, a reason for why the Court should except Stapleton from LR 66-7's limitation.

**III.    Conclusion.**

IT IS THEREFORE ORDERED that plaintiffs' motion for appointment of temporary receiver (ECF No. 7) is DENIED without prejudice.

IT IS FURTHER ORDERED that the hearing set for August 24, 2020, is VACATED.

DATED: August 20, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE