1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN F. STAPLETON, *et al.*,                    )
                                                )
                        Plaintiffs,             )          Case No.: 2:20-cv-00700-GMN-BNW
            vs.                                 )
                                                )                        **ORDER**
JOHN BALDING, *et al.*,                         )
                                                )
                        Defendants.             )
_____)

      Pending before the Court is the Motion to Strike, or in the alternative, Motion to Remand, (ECF No. 4), filed by Plaintiffs John Stapleton, Douglas Sanders, Bob Shirk, and Bruce Ahrendsen (collectively "Plaintiffs"). Pro se Defendants John Balding, Timothy J. Gay, Charles C. Mottley, and Daniel G. Martinez (collectively "Defendants") did not file a response.[1]

## I.   BACKGROUND

      This is a shareholder derivative action. Plaintiffs commenced this suit on March 16, 2020, is Clark County District Court, Nevada. (Compl., ECF No. 1-2). The Complaint sets forth the following causes of action against all defendants: (1) breach of fiduciary duty; (2) constructive fraud; and (3) gross mismanagement. (*Id.*). On April 17, 2020, pro se Defendant Daniel G. Martinez removed this matter to federal court invoking federal question jurisdiction.[2] (Notice of Removal, ECF No. 1-1).

_____

[1] Defendants have consented to the granting of Plaintiffs' Motion. *See* D. Nev. LR 7-2(a) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

[2] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted

## II.    **DISCUSSION**

Defendants must show that this Court has subject matter jurisdiction over the case by demonstrating that it has original jurisdiction over the claims that are in the Complaint. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[authorizing] removal only where original federal jurisdiction exists"). In effect, a party seeking removal must show that plaintiff has either alleged: (1) a federal claim; (2) a state claim that requires resolution of a substantial issue of federal law; or (3) a state claim completely pre-empted by federal statute. *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Here, the Complaint alleges three state law causes of action: (1) breach of fiduciary duty; (2) constructive fraud; and (3) gross mismanagement. In the Notice of Removal, Defendant Martinez alleges that

> Pursuant to the primary grant of authority of the Securities and Exchange Commission at 15 U.S.C. § 78 (b) Extraterritorial jurisdiction The district courts of the United States and the United States courts of any Territory shall have jurisdiction of an action or proceeding *brought or instituted by* the Commission or the United States alleging a violation of the antifraud provisions of this chapter . . . .

(Notice of Removal at 2, ECF No. 1-1) (emphasis added). However, this action is not brought or instituted by the Securities and Exchange Commission or the United States—it is brought by Plaintiffs. Therefore, the legal authority on which removal is based does not provide the Court with subject matter jurisdiction over this matter. To be sure, the claims asserted are not federal claims, and Defendants have not shown the state claims require resolution of a substantial issue of federal law. Moreover, Defendants have not demonstrated that the state claims are

by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

completely pre-empted by federal statute.  Accordingly, the Court finds that it lacks subject matter jurisdiction over the claims in Plaintiffs' Complaint and the action must be remanded.[3]

### III.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike, or in the alternative, Motion to Remand, (ECF No. 4), is **GRANTED**.  This matter shall be **REMANDED** to Clark County District Court.

**IT IS FURTHER ORDERED** that all currently pending motions are **DENIED as moot**.

The Clerk of the Court shall close this case.

**DATED** this ___7___ day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] Plaintiffs also contend that the Notice of Removal should be stricken based on Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1446.  Having found that the Court lacks subject matter jurisdiction, the Court declines to address Plaintiffs' additional arguments.